UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN TURNER, | Case No. 2:13-cv-02126-APG-PAL |
| *Plaintiff*, | |
| vs. | **ORDER** |
| GRIEVANCE COORDINATOR, *et al.*, | |
| *Defendants*. | |

This *pro se* prisoner civil rights action by Nevada state inmate comes before the Court for initial review of the complaint under 28 U.S.C. § 1915A as well as upon a motion (Dkt. #10) for summary judgment by plaintiff. The Court defers action on the pauper application at present.

*Screening*

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81

(2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 679.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520(1972).

Plaintiff John Turner alleges that his prison grievances have not been responded to within the required time. In Count I, he alleges that this alleged failure constitutes "abandonment" in violation of the First, Fifth and Fourteenth Amendments. In Count II, he alleges that this alleged failure deprived him of due process in violation of the Fifth And Fourteenth Amendments. He seeks compensatory and punitive damages, and he asserts in the prayer that because "of these write up's [sic] I'm being held in D-seg [disciplinary segregation] [and] also I could've been at an [sic] camp or Casa Grande [a halfway house] by now."

At the very outset, plaintiff may not proceed against the State and the state department of corrections in federal court. First, plaintiff may not proceed against the State or an arm of the State due to the state sovereign immunity recognized under the Eleventh Amendment. *See, e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). State sovereign immunity bars suit in federal court against a State

or an arm of a State regardless of the relief sought. *See, e.g., Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100-01 (1984). Second, a State or an arm of a State is not a "person" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10 (1989).

Plaintiff further may not proceed against High Desert State Prison. The prison is just a set of buildings. The prison is not a juridical person or entity subject to suing or being sued.

Finally, with respect to the sole remaining defendant, plaintiff likely will not be able to obtain effective service on a defendant identified only as "Grievance Coordinator," even named in only an official capacity. That is, plaintiff may have substantial difficulty proceeding with his suit if the sole defendant named is named only with a fictitious name (*e.g.*, "John Doe") or a generic job title.

Moreover, plaintiff may not recover monetary damages from an individual officer defendant named in their official capacity. First, claims for monetary damages from a defendant in their official capacity also are barred by state sovereign immunity under the Eleventh Amendment. *See, e.g., Taylor*, 880 F.2d at 1045; *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002). Second, state officials sued in their official capacity for monetary damages also are not "persons" subject to suit under 42 U.S.C. § 1983. *See Will*, 491 U.S. at 71 & n.10.

The complaint in any event fails to state a claim upon which relief can be granted.

Under well-established law, an inmate does not have a constitutional right to have his grievances decided or processed in a particular manner. *See, e.g., Seely v. Gibbons*, 2013 WL 6440206 (9th Cir. Dec. 10, 2013); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). The handling of a particular grievance may have a bearing on whether the inmate has constructively satisfied the administrative exhaustion requirement in order to pursue other underlying claims. However, there is no independently viable constitutional claim for any alleged deficiency in the grievance process itself. In this same vein, any *arguendo* viable issue as to whether plaintiff improperly was held in one circumstance or another – such as disciplinary segregation in a prison as opposed to a conservation camp or a halfway house – would be an issue addressed, if the issue is viable at all, within the context of any underlying challenge to the disciplinary writeup itself. The complaint therefore fails to state a claim upon which relief may be granted. The cases cited by plaintiff in Count II are inapposite and not

to the contrary.

The complaint therefore will be dismissed without prejudice for failure to state a claim upon which relief may be granted, with an opportunity for plaintiff to amend within thirty days of this order to correct the deficiencies identified herein, if possible.

*Remaining Matters*

Plaintiff's motion (Dkt. #10) for summary judgment will be denied. The motion does not present a coherent request for relief. Plaintiff may not obtain summary judgment simply with an essentially one-line motion along with copies of grievances followed thereafter by piecemeal submissions. Plaintiff in any event first must present a viable claim for relief, which he has not done. Nor can plaintiff obtain relief prior to, *inter alia*, screening of a complaint and an order by the Court directing service. A motion for summary judgment is premature before, *inter alia*, the pleadings are screened, the defendants are served, and a scheduling order is issued.

Plaintiff further should note the following. First, plaintiff may not file freestanding exhibits and factual statements in the record. He instead must set forth all of his operative factual allegations within the four corners of the complaint itself, without incorporation of other documents. The Court is not required to – nor will it – sift through multiple stacks of exhibits and other filings trying to piece together plaintiff's possible claims. Plaintiff must include all allegations in his pleadings *and* he must *not* file freestanding exhibits and factual statements in the record. Second, plaintiff can add claims to the complaint only by filing a properly presented amended complaint that is complete in itself and includes all of plaintiff's claims. The Court again is not required to – nor will it – sift through other filings trying to piece together other possible claims. If claims or allegations are not included in the most recent pleading that has been filed properly, they are not before the Court.

**IT THEREFORE IS ORDERED** that the complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted, subject to leave to amend within thirty (30) days of entry of this order to correct the deficiencies in the complaint if possible.

**IT FURTHER IS ORDERED** that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, **2:13-cv-**

**02126-APG-PAL**, above the word "AMENDED" in the space for "Case No." Under Local Rule LR 15-1, any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

      **IT FURTHER IS ORDERED** that action on the pauper application (Dkt. #1) is deferred at this time.

      **IT FURTHER IS ORDERED** that the motion (Dkt. #10) for summary judgment is DENIED.

      The Clerk shall SEND plaintiff a copy of the original complaint that he submitted together with two copies of a § 1983 complaint form and one copy of the instructions for same.

      If an amended complaint is filed in response to this order, the Court will screen the amended pleading before ordering any further action in this case.

      If plaintiff does not timely mail an amended complaint to the Clerk for filing, a final judgment dismissing this action will be entered without further advance notice. If the amended complaint does not correct the deficiencies identified in this order and otherwise does not state a claim upon which relief may be granted, a final judgment dismissing this action will be entered. In either event, the pauper application will be acted on in connection with the judgment.

      Dated: April 28, 2014.

_____
ANDREW P. GORDON
United States District Judge