UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN TURNER, #1096333, | Case No. 2:13-cv-02126-APG-PAL |
| *Plaintiff*, | **ORDER** |
| vs. | |
| GRIEVANCE COORDINATOR, *et al.*, | |
| *Defendants*. | |

This *pro se* prisoner civil rights action by a state inmate comes before the Court for initial review of the amended complaint (Dkt. #17) under 28 U.S.C. § 1915A as well as upon plaintiff's application (Dkt. #1) to proceed *in forma pauperis*, motion (Dkt. #18) to appoint counsel, motion (Dkt. #19) to extend copy credit limit, and motion (Dkt. #20) for summary judgment.

The prior screening order (Dkt. #16) dismissed the original complaint without prejudice and with leave to amend. The order outlines the screening standard and the application of the standard to the claims in the original complaint.

The amended complaint does not correct the deficiencies in the original complaint.

Plaintiff still seeks to proceed against the State of Nevada and the state corrections department despite being informed that state sovereign immunity bars any suit in federal court against the state and the department. Dkt. #16, at 2-3. The same conclusion would apply to the extent that the amended complaint seeks to name the state attorney general's office as a defendant.

Plaintiff still seeks to proceed against High Desert State Prison despite being informed that the prison buildings do not constitute a juridical person subject to being sued. Dkt. #16, at 3.

1  The amended complaint names Warden D.W. Neven as a defendant in his official capacity, and the pleading perhaps could be read to also named state corrections department Director Cox also as a defendant in his official capacity. However, as the screening order clearly stated, plaintiff may not proceed against state officials in their official capacity for monetary damages, which is the only relief sought. See Dkt. #16, at 3. Plaintiff otherwise states no actual factual allegations in the amended complaint that would establish liability on the part of either Neven or Cox in their individual capacity. Moreover, as discussed *infra*, plaintiff states no claim for relief in the amended complaint in all events.

The remaining fictitiously named defendant, the "Grievance Coordinator," similarly is named in only a nonviable official capacity as to a claim for damages; and no viable claim in any event is stated against the fictitiously named defendant.

The statements in the prior screening order regarding the claims presented in the original petition and the deficiencies in those claims remain applicable to the amended pleading:

> Plaintiff John Turner alleges that his prison grievances have not been responded to within the required time. In Count I, he alleges that this alleged failure constitutes "abandonment" in violation of the First, Fifth and Fourteenth Amendments. In Count II, he alleges that this alleged failure deprived him of due process in violation of the Fifth And Fourteenth Amendments. He seeks compensatory and punitive damages, and he asserts in the prayer that because "of these write up's [sic] I'm being held in D-seg [disciplinary segregation] [and] also I could've been at an [sic] camp or Casa Grande [a halfway house] by now."
>
> . . . . .
>
> Under well-established law, an inmate does not have a constitutional right to have his grievances decided or processed in a particular manner. *See, e.g., Seely v. Gibbons*, 2013 WL 6440206 (9th Cir. Dec. 10, 2013); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). The handling of a particular grievance may have a bearing on whether the inmate has constructively satisfied the administrative exhaustion requirement in order to pursue other underlying claims. However, there is no independently viable constitutional claim for any alleged deficiency in the grievance process itself. In this same vein, any *arguendo* viable issue as to whether plaintiff improperly was held in one circumstance or another – such as disciplinary segregation in a prison as opposed to a conservation camp or a halfway house – would be an issue addressed, if the issue is viable at all, within the context of any underlying challenge to the disciplinary writeup itself. The complaint therefore fails to state a claim upon which relief may be granted. The cases cited by plaintiff in Count II are inapposite and not to the contrary.

Dkt. #16, at 2 & 3-4.

1    Plaintiff, in the main, simply repeats – along with intervening administrative procedural history
2    detail – his claims alleging the he has been deprived of sundry constitutional rights because grievances
3    allegedly were not processed according to state corrections department regulations.  Plaintiff, again,
4    does not have a constitutional right to have his grievances decided or processed in a particular manner.
5    *Seely, supra; Ramirez, supra*.  The Supreme Court further has emphatically rejected the proposition that
6    a violation of state corrections department regulations gives rise to a liberty interest protected by the
7    Due Process Clause in compliance with procedures established by the regulations.  *See Sandin v.*
8    *Conner*, 515 U.S. 472, 480-84 (1995).  In short, if state corrections officials allegedly failed to comply
9    with sundry administrative regulations, plaintiff has no viable federal constitutional claim based upon
10   such an alleged failure.

11   Plaintiff alleges conclusorily in Count I that he was falsely accused of a notice of charge and
12   denied due process in the disciplinary proceeding.  As the *Sandin* case also instructs, however, alleged
13   procedural irregularities in prison disciplinary proceedings do not give rise to a viable constitutional
14   procedural due process claim in and of themselves.  Rather, the inmate must show in order to establish
15   the prerequisite deprivation of a protected liberty interest that the disciplinary sanction subjected the
16   plaintiff to an atypical significant hardship in relation to the ordinary incidents of prison life or affected
17   the duration of the inmate's sentence.  515 U.S. at 485-86.[1]  Plaintiff makes no actual factual allegations
18   in the amended complaint that would satisfy this standard.  His conclusory allegation in the prayer,
19   carried forward from the original complaint, that he "could've been at a camp or Case Grande [a
20   halfway house] by now" does not viably state the deprivation of a protected liberty interest under
21   *Sandin*.

22   The amended complaint therefore fails to state any viable claim upon which relief may be
23   granted.

24   The prior screening order additionally was clear regarding the need to state all claims within
25   the four corners of the amended pleading:

---

[1] Demonstrating that a disciplinary conviction affected the duration of the inmate's sentence of course then would implicate the rule that a claim challenging the duration of confinement generally is not cognizable in a civil rights action rather than a habeas proceeding.

      Plaintiff further should note the following.  First, plaintiff may not file freestanding exhibits and factual statements in the record.  He instead must set forth all of his operative factual allegations within the four corners of the complaint itself, without incorporation of other documents.  The Court is not required to – nor will it – sift through multiple stacks of exhibits and other filings trying to piece together plaintiff's possible claims.  Plaintiff must include all allegations in his pleadings *and* he must *not* file freestanding exhibits and factual statements in the record.  Second, plaintiff can add claims to the complaint only by filing a properly presented amended complaint that is complete in itself and includes all of plaintiff's claims.  The Court again is not required to – nor will it – sift through other filings trying to piece together other possible claims.  If claims or allegations are not included in the most recent pleading that has been filed properly, they are not before the Court.

Dkt. #16, at 4 (emphasis in original).

      Plaintiff disregarded this portion of the prior screening order as well.  He submitted a two-page affidavit with the amended complaint along with thirteen pages of exhibits attaching documents pertaining to grievances and disciplinary proceedings.  While *pro se* papers are construed liberally, *pro se* litigants nonetheless must comply with governing rules and court orders.  If a *pro se* litigant disregards a procedural requirement after having been advised of the requirement and given an opportunity to correct the deficiency, he cannot rely upon a rule of liberal construction to excuse his continuing noncompliance.  The Court plainly informed plaintiff that all factual assertions relied upon to state his claims must be set forth within the four corners of his pleading.  Nothing in the affidavit and attachments is before the Court.[2]

      Final judgment therefore will be entered dismissing this action for failure to state a claim upon

---

[2] None of the factual content in the affidavit and attachments in any event overcomes the deficiencies in the amended complaint itself on the claims asserted therein.

Plaintiff refers in the affidavit to state justice court cases being dismissed for lack of administrative exhaustion due to the handling of the grievances. Plaintiff would have to litigate the application of the administrative exhaustion defense by the state courts in state court. There, again, is no independent constitutional claim for an alleged deficiency in the grievance process. If a defense of administrative exhaustion in a state case allegedly should have been rejected because of a deficiency in the grievance process, the place for plaintiff to pursue that argument was in the state courts. Nothing in the sparse facts presented with the affidavit would show that the small claims actions involved litigation activity protected by the First Amendment. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 354-55 (1996)(the First Amendment "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims"). Even if the actions involved protected litigation activity, review of a state court ruling on a defense of lack of administrative exhaustion raised therein would have to be sought within the state courts. There is no federal constitutional claim for deficient handling of a grievance, under the First Amendment or otherwise. Plaintiff accessed the state courts. He just did not prevail on his deficiency argument there.

1  which relief may be granted. The Court finds that a second opportunity for leave to amend, following
2  pleading deficiencies substantially of the same nature as identified in the prior screening order, would
3  be futile.

### *Pending Motions*

5  The pauper application will be granted subject to the remaining provisions of this order.

6  On the motion for appointment of counsel, there is no constitutional right to appointed counsel
7  in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in*
8  *pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (*en banc*). The provision in 28 U.S.C. §
9  1915(e)(1), however, gives a district court the discretion to request that an attorney represent an
10 indigent civil litigant. *See, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); 28 U.S.C.
11 § 1915(e)(1)("The court may request an attorney to represent any person unable to afford counsel.").
12 Yet the statute does not give the court the authority to compel an attorney to accept appointment, such
13 that counsel remains free to decline the request. *See Mallard v. United States District Court*, 490 U.S.
14 296 (1989). While the decision to request counsel is a matter that lies within the discretion of the
15 district court, the court may exercise this discretion to request counsel only under "exceptional
16 circumstances." *E.g., Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional
17 circumstances requires an evaluation of both the likelihood of success on the merits and the plaintiff's
18 ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Id*. Neither
19 of these factors is determinative and both must be viewed together before reaching a decision. *Id.*

20 In the present case, the Court does not find that exceptional circumstances warrant requesting
21 a private attorney to voluntarily represent plaintiff in this matter. There is no likelihood of success on
22 the merits and plaintiff has demonstrated an adequate ability to seek relief – both in this action and
23 multiple other state and federal suits – proceeding *pro se*. Nothing in plaintiff's boilerplate state court
24 criminal case form motion leads to a contrary finding by the Court.

25 The motion to raise plaintiff's prison legal copy credit limit will be denied. The form motion,
26 for a state habeas case, states that it is not seeking a blanket order. Yet the motion nonetheless seeks
27 an order directing prison authorities to allow unspecified and unlimited copywork for documents
28 relevant to the proceeding. That is what a blanket order is – an order directing the prison to provide

an indeterminate, open-ended number of copies as requested by the plaintiff. Plaintiff instead must: (a) demonstrate that his legal copy credit limit has been exceeded, such as by a recent rejection of a request for legal copies; (b) request a copy credit limit increase in a specific amount; and (c) demonstrate a particular need for a credit limit increase in that amount. The form motion presented does not satisfy these requirements. Plaintiff's extensive filings herein tend to belie the notion that a copy credit limit issue currently is restricting his access to the courts, particularly given that plaintiff continues to file papers that the Court has expressly instructed him that he need not – and should not – file in pursuing the underlying relief sought. The motion therefore will be denied on the showing made.

Plaintiff's second motion for summary judgment will be denied. Plaintiff again has disregarded the prior order, which stated, *inter alia*, that a" motion for summary judgment is premature before, *inter alia*, the pleadings are screened, the defendants are served, and a scheduling order is issued." Dkt. no. 16, at 4. Moreover, given that plaintiff has failed to state a claim upon which relief may be granted, he clearly is not entitled to summary judgment in his favor.

**IT THEREFORE IS ORDERED** that the complaint, as amended, shall be DISMISSED without prejudice for failure to state a claim upon which relief may be granted. This dismissal shall count as a "strike" for purposes of 28 U.S.C. § 1915(g).

**IT FURTHER IS ORDERED** that, in the event of an appeal, and pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies to the Court of Appeals that an appeal is not taken in good faith. The action plainly is lacking in any merit. So that this certification may be clearly marked for review by the Court of Appeals, the Clerk shall prominently include within the docket entry for this order a statement that the order also certifies to the Court of Appeals that an appeal would not be taken in good faith.

**IT FURTHER IS ORDERED** that, upon a finding that plaintiff is unable to pay a substantial initial partial filing fee, plaintiff's application (Dkt. #1) to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee still must be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT FURTHER IS ORDERED** that the movant herein is permitted to maintain this action to

conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT FURTHER IS ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action.  The Clerk shall SEND a copy of this order to the finance division of the clerk's office.  The Clerk shall also SEND a copy of this order to the attention of the **Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702**.

**IT FURTHER IS ORDERED** that all remaining pending motions, including Dkt. ## 18-20, are DENIED.

The Clerk shall enter final judgment accordingly dismissing this action.

Dated:  June 30, 2014.

_____
ANDREW P. GORDON
United States District Judge